# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SANDRA J. ALTHAUS, an individual,<br><br>                Plaintiff,<br>v.<br><br>DAVID L. BRODERICK, an individual, and WBB SECURITIES, LLC, a California limited liability company,<br><br>                Defendants. | Case No. 1:15-CV-00164-JNP<br><br>**MEMORANDUM DECISION AND ORDER GRANTING WBB SECURITIES, LLC'S MOTION TO DISMISS**<br><br>Judge Jill N. Parrish |

Before the court is Defendant WBB Securities, LLC's ("WBB Securities") Motion to Dismiss. (Docket 6). WBB Securities seeks partial dismissal of Althaus' federal and state securities law claims on statute of repose grounds. Specifically, WBB Securities seeks dismissal of all claims for breach of federal and state securities law that are based on actions or investments occurring prior to June 30, 2010. WBB Securities also seeks dismissal of the fifth and eighth claims for relief alleging fraudulent concealment and common law fraud, deceit, and negligent misrepresentation respectively. The court held oral argument on the motion on May 19, 2016. At the conclusion of the hearing, the court took the motion under advisement. After considering the written submissions on the motion and the arguments presented at the hearing, the court issues this Order Granting Defendant's Motion to Dismiss.

## BACKGROUND

In 2007, David L. Broderick ("Broderick") approached Plaintiff Sandra J. Althaus ("Althaus") about providing financial services to Althaus, including advising her on her long-

term investments and personal IRA contributions and accounts. During this time period Broderick worked for WBB Securities and presented himself to Althaus as a representative of WBB Securities. In working with Broderick, Althaus made clear that she was risk averse because she had lost a lot of money during the market crash of the 2000 era technology bubble. Moreover, given her age and life circumstances, she did not want to take on the same risks that she had taken in the years leading up to the 2000 market crash. Althaus informed Broderick that she did not want to invest her IRA monies in something that was speculative, high risk, and not diversified. Instead, Althaus wanted an investment for her IRA that was safe, steady, and lower risk. Broderick strongly recommended an investment in a company known as Ciralight and represented that it was a good fit for Althaus' investment strategy. Broderick repeatedly advised Althaus that an investment in Ciralight was safe. In advising Althaus, neither Broderick nor WBB Securities disclosed any financial remuneration they received in connection with Althaus' investments in Ciralight.

In the summer of 2007, based upon Broderick's recommendations, Althaus authorized the investment of $175,000 in Ciralight. In the years that followed, Broderick, as a representative of WBB Securities, continued to push Ciralight as a good, safe investment that would fit Althaus' investment strategy and goals for her traditional IRA. Although the complaint is unclear regarding the specifics, Althaus alleges that she made additional interim investments in Ciralight. On July 1, 2011, Althaus made her final investment in Ciralight, entrusting another $75,000 with Broderick and WBB Securities. Over the years, Althaus' investments in Ciralight totaled more than $300,000. Unfortunately, the value of Althaus' investments in Ciralight plummeted and are now worth essentially nothing. In short, Althaus has lost her entire investment in Ciralight.

Althaus filed the present case against Broderick and WBB Securities on June 30, 2015 alleging claims of federal and state securities law violations, fraud, and professional liability, among others. WBB Securities now moves for partial dismissal of Althaus' claims.

## ANALYSIS

To the extent Althaus' state and federal securities law claims are based on violations occurring prior to June 30, 2010, WBB Securities asserts that those claims are barred by a five year statute of repose. WBB Securities also argues that Althaus' fraud claims are not pled with particularity as required by Federal Rule of Civil Procedure 9(b). The court addresses each issue in turn.

### I. The Statute of Repose Bars Althaus' State and Federal Securities Claims for Any Alleged Violations Occurring Prior to June 30, 2010.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To do so, a plaintiff must plead both a viable legal theory and "enough factual matter, taken as true, to make [the] 'claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). WBB asserts that both Althaus' federal and state securities law claims are legally barred to the extent they are based on actions or investments occurring before June 30, 2010. The court first addresses Althaus' claims under federal securities law and then addresses her state law claims.

#### A. Althaus' Federal Securities Law Claims Based on Alleged Violations Occurring Prior to June 30, 2010 Are Barred by the Statute of Repose.

In her third claim for relief, Althaus alleges violations of "§ 10(b) of the Exchange Act and SEC Rule 10b-5." WBB Securities asserts in its motion to dismiss that any alleged violations

occurring prior to June 30, 2010 are barred by the applicable statute of repose. The parties agree that 28 U.S.C. § 1658(b) governs the timeliness of Althaus' claims. Under this statute,

> a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of--
> (1) 2 years after the discovery of the facts constituting the violation; or
> (2) 5 years after such violation.

*Id.* But the parties dispute the application of 28 U.S.C. § 1658(b)(2). Specifically, WBB Securities asserts that this section constitutes a rigid five year statute of repose that bars all federal securities law claims arising more than five years before the filing of the complaint. Althaus disagrees. She argues in favor of a continuing fraud exception to the statute of repose. Under this exception, where the alleged violations involve the same actors who made a series of fraudulent misrepresentations over a period of time leading to multiple investments, if any one of the alleged violations occurred within five years of the filing of the complaint, all of the earlier claims will be deemed timely. Althaus' theory is referred to as the continuing fraud exception.

There is no controlling Tenth Circuit authority addressing the validity of the continuing fraud exception. And neither the Supreme Court nor any of the circuit courts of appeals have addressed the issue head on. Nonetheless, the parties have identified a split of authority among the federal district courts on the issue. Upon review of the text of the statute of repose, dicta in Supreme Court precedent, and the numerous district court opinions addressing the issue, the court rejects the continuing fraud exception and holds that the statute of repose bars all claims based on alleged violations occurring more than five years before the filing of Althaus' complaint.

First, the text of the statute provides that a claim under the statute may be brought "no later than . . . 5 years after such violation." 28 U.S.C. § 1658(b)(2). Althaus asserts that where a series of misrepresentations by the same defendant result in multiple federal securities law violations, as long as the last misrepresentation resulting in a violation occurred within five years of the filing of the complaint, the plaintiff may hold the defendant responsible for all of the earlier violations that are a part of the same fraudulent scheme. *See Goldenson v. Steffens*, 802 F. Supp. 2d 240, 257–59 (D. Maine 2011). The court disagrees. The word "violation" is singular in the statute. Althaus' own theory and the cases on which she relies recognize that a continuing fraud involves multiple violations of the securities laws. Thus, under the language of the statute, a claim for each violation must be brought "no later than" five years after the violation occurs.

Dicta in the Supreme Court's opinion in *Merck & Co., Inc.*, v. *Reynolds*, 559 U.S. 633 (2010), further buttresses this interpretation of the statutory text. In *Merck*, the Supreme Court interpreted the companion provision to the one at issue here, 28 U.S.C. § 1658(b)(1), which limits the time to file a federal securities claim to no more than "2 years after the discovery of the facts constituting the violation." *See id.* After narrowly interpreting the discovery provision, the Supreme Court responded to Merck & Co.'s fears that the court's narrow interpretation would "give life to stale claims or subject defendants to liability for acts taken long ago." *Merck & Co., Inc.*, 559 U.S. at 650. The Court noted that "Congress' inclusion in the statute of an unqualified bar on actions instituted '5 years after such violation,' § 1658(b)(2), giving defendants total repose after five years, should diminish that fear." *Id.* In support of this interpretation, the Supreme Court cited *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363

(1991), noting parenthetically *Lampf*'s holding that a comparable bar was not subject to equitable tolling. *See Merck & Co., Inc.*, 559 U.S. at 650.

Here, at oral argument, the court pressed Althaus' counsel to explain the difference between the continuing fraud exception and equitable tolling and he was unable to provide any meaningful distinction. Under Althaus' view of the statute, a plaintiff like Althaus who makes several investments over a period of several years in reliance on ongoing misrepresentations would be allowed to recover on all violations of the securities laws even if some of the violations occurred more than five years earlier. But a plaintiff who made only one investment and relied on the same ongoing misrepresentations regarding the safety of her investment would have no claim at all if she failed to discover the fraudulent nature of the misrepresentations within five years. Althaus has not offered any basis for distinguishing these two scenarios under the statute, and the cases she relies on likewise fail to articulate a reasoned distinction between equitable tolling and the continuing fraud exception. *See Goldenson*, 802 F. Supp. 2d at 259 (stating only that "[t]he theory does not allow a claim to go forward more than five years after a defendant's final violation," but failing to explain why the fact that one violation occurred within the repose period allows the repose period for all earlier violations to be in essence tolled by the defendant's later conduct).

Ultimately, the court agrees with the majority of district courts that have required claims for each violation to be brought within the five year repose period. In *Carlucci v. Han*, 886 F. Supp. 2d 497 (E.D. Va. 2012), a federal district court in Virginia rejected the continuing fraud exception for reasons similar to those just outlined. In doing so, this Fourth Circuit district court noted that while "district courts in the First Circuit have applied the continuing fraud exception

6

to Section 10(b)'s statute of repose," the "district courts in the Fifth and Ninth Circuits have rejected it. District courts in the Second Circuit are split." *Id.* at 514. (collecting cases). The weight of the authority finding no continuing fraud exception to the five year statute of repose provides additional grounds for sustaining WBB Securities' motion to dismiss.

For the foregoing reasons, the court grants WBB Securities' motion to dismiss Althaus' federal securities claims to the extent she alleges violations occurring prior to June 30, 2010.

**B.    Althaus' State Securities Law Claims Based on Alleged Violations Occurring Prior to June 30, 2010 Are Barred by the Statute of Repose**

WBB Securities also moves to dismiss Althaus' Utah securities law claims to the extent she alleges violations occurring prior to June 30, 2010. Like the federal statute, Utah has enacted the following five year statute of repose:

> An action may not be maintained to enforce liability under this section unless brought before the earlier of:
> (i) the expiration of five years after the act or transaction constituting the violation; or
> (ii) the expiration of two years after the discovery by the plaintiff of the facts constituting the violation.

Utah Code § 61-1-22(7)(a)(i)-(ii). The Utah Supreme Court has expressly identified the five year time period in this section as a statute of repose, as distinguished from the two year statute of limitations upon discovery of a violation. *See DOIT, Inc. v. Touch, Ross & Co.*, 926 P.2d 835, 843 (Utah 1996). Moreover, the Utah Supreme Court has noted that "[a] statute of repose generally 'sets a designated event for the statutory period to start running and then provides that at the expiration of the period any cause of action is barred regardless of usual reasons for tolling the statute.'" *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 219 (Utah 1984) (quoting *Restatement (Second) of Torts* § 899, cmt. g (1979)).

WBB Securities asserts that Utah's statute of repose operates the same as the federal statute, imposing an unqualified bar on claims based on violations that occurred over five years prior to the filing of the complaint. Althaus again raises the continuing fraud exception in her opposition to the motion to dismiss. Unlike the federal arena, where many district courts have opined on the validity of a continuing fraud exception to the federal statute, there are no Utah cases addressing Althaus' theory as applied to the Utah statute. In fact, the only case directly addressing the Utah statute is the one already mentioned, *DOIT, Inc.*, *v. Touch, Ross & Co.*, 926 P.2d 835 (Utah 1996), in which the court noted only that the five year provision is a statute of repose, rather than a statute of limitation. *Id.* at 843.

The court concludes that the text of the Utah statute is clear and forecloses Althaus' argument for a continuing fraud exception. Under the statute, claims for violations of Utah securities law must be brought before "the expiration of five years after the act or transaction constituting the violation." On its face, this language precludes the application of a continuing fraud exception. Like the federal statute, all of the language is singular: "act," "transaction," and "violation." Thus, under the statute, once an act or transaction constituting a violation of Utah securities law has taken place, the victim has at most five years to bring a claim.

The statute provides no express exception for circumstances where a defendant later commits an additional act constituting a second, third, or fourth violation of Utah securities law. Under the statute each "act" or "transaction" that constitutes a violation is subject to its own five year statute of repose. Accordingly, for the reasons just outlined, and for the similar reasons outlined with respect to the federal statute of repose, the court grants WBB Securities' motion to

dismiss Althaus' Utah securities law claims to the extent they allege violations occurring prior to June 30, 2010.

## II.    Althaus Has Not Adequately Pled Her Fraud Claims

To sustain a fraud claim, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (quoting *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). Likewise, the Plaintiff must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Id.* quoting (*Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)). Rule 9(b) thus "afford[s] defendant[s] fair notice of the plaintiff's claim[s] and the factual ground upon which [they are] based" and "safeguards defendant[s]' reputation and goodwill from improvident charges of wrongdoing." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992) (quoting *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990)).

Here both Althaus' fifth and eighth claims for relief are alleged in vague conclusory language falling well short of the heightened pleading standard. The Fifth claim for relief is outlined in four paragraphs that recite generally the elements of the fraudulent concealment cause of action without providing any of the details regarding the who, what, when, where, and how of the alleged fraudulent concealment. With respect to the eighth claim for relief, Althaus alleges the who, Broderick, and provides slightly more detail regarding the nature of the fraudulent representations. Specifically, Althaus alleges that Broderick represented that

9

investment in Ciralight was "safe, failsafe, and had no possibility of loss." Althaus, however, fails to allege when these representations were made, how they were made, or where they were made. There is some indication from the complaint, that these representations were made on multiple occasions over a period of time, but Althaus makes no effort to plead these allegations with particularity as required by Rule 9(b). While the court is mindful that some facts may not be in Althaus' control prior to an opportunity for discovery, the timing and nature of the representations made to her and her own actions in reliance thereon are entirely facts within her knowledge that must be pled with particularity.

At the hearing, Plaintiff made an oral motion for leave to file an amended complaint to address the court's concerns regarding the lack of particularity in the fifth and eighth claims for relief. Rule 15 provides that the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Because this case is still in its initial stages and because there is a significant likelihood that the deficiencies in the Plaintiff's complaint might be remedied by an amendment, the court grants Plaintiff leave to amend the complaint to remedy the deficiencies outlined in this order.

## CONCLUSION

For the foregoing reasons, the court GRANTS WBB Securities' Motion to Dismiss (Docket 6). Althaus' federal and state securities law claims are barred by the statute of repose to the extent they allege violations occurring prior to June 30, 2010. The court also GRANTS WBB Securities' motion to dismiss the fifth and eighth causes of action because they have not been pled with the requisite particularity. But the court grants Althaus' motion to amend in order to

plead her fraud claims with particularity as required by Rule 9(b). Althaus is given leave to file an amended complaint no later than August 5, 2016.

Dated this  22nd  day of July, 2016.

        BY THE COURT:

        _____
        JILL N. PARRISH, Judge
        United States District Court